UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BILLY L. JOSLIN,

     Petitioner,

v.

WARDEN THERESA HILL,

     Respondent.

Case No. 1:26-cv-00210-DCN

**INITIAL REVIEW ORDER**

Petitioner Billy L. Joslin filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. Dkt. 3.  Having reviewed the Petition, the Court enters the following Order staying this case while Petitioner exhausts his state court remedies.

**STANDARD OF LAW FOR REVIEW OF PETITION**

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing

INITIAL REVIEW ORDER - 1

Section 2254 Cases.

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims unless the petitioner meets a difficult standard to show an exception to that rule applies.

## BACKGROUND

After a bench trial in Kootenai County, Idaho, Petitioner was convicted of rape and attempted strangulation. Dkt. 3 at 1. He received two fixed life prison sentences. He pursued a direct appeal that was unsuccessful. He currently has a pending post-conviction action challenging his convictions and sentences. *Id.* at 17.

## REVIEW OF PETITION

Petitioner's first claim, that his right to pursue a collateral relief action in state court was violated, is noncognizable. There is no constitutional right to collaterally attack a final judgment of conviction, and alleged defects in state court proceedings do not state a federal claim for relief under U.S. Supreme Court and Ninth Circuit case law. *United States v. MacCollom*, 426 U.S. 317, 323 (1976); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

INITIAL REVIEW ORDER - 2

Petitioner also brings several colorable constitutional claims: jury bias, the right to a fair trial, and ineffective assistance of counsel. However, because he is still proceeding in a state court on challenges to the same convictions and sentences, he cannot proceed here. The Court will stay this action until Petitioner's final state court action is completed. If he obtains relief in state court, he can voluntarily dismiss this action.

Federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying the case preserves the original filing date of the claims asserted in the original petition for statute of limitations purposes.

In determining whether to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust prior to filing, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for a petitioner who plans to amend his federal petition with newly-exhausted claims raised in a state post-conviction action is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2)

INITIAL REVIEW ORDER - 3

(emphasis added). If a petitioner files procedurally improper state post-conviction action, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order informing him that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A second important federal statute of limitations consideration is that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Federal Rule of Civil Procedure 15 (governing amendment in civil cases) is applied in conjunction with the "more demanding" Rule 2(c) of the Rules Governing Section 2254 Cases, the words "same conduct, transaction, or occurrence" do not mean simply "the same 'trial, conviction, or sentence.'" *Felix*, 545 U.S. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." *Id.* For these reasons, it is often a safer route for petitioners to file their amended petition at the time the stay is granted, rather than at the time the post-conviction action is completed.

INITIAL REVIEW ORDER - 4

Here, the Court finds that good cause exists from the face of the Petition, and it will stay this case pending completion of Petitioner's state post-conviction matter. Petitioner brings some cognizable constitutional claims, he has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court. If Petitioner has additional claims in his pending post-conviction matter that are not asserted in this federal petition, he may file an amended petition now to include those claims.

## ORDER

**IT IS ORDERED:**

1. Petitioner's in forma pauperis request (Dkt. 1) is GRANTED.

2. This action is STAYED pending completion of Petitioner's state court post-conviction matter and final appeal, including a petition for review to the Idaho Supreme Court of any opinion of the Idaho Court of Appeals.

3. Petitioner is authorized to file an amended petition within **21 days** after entry of this Order, if he desires.

4. Other than an amended petition, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

5. When the state court action is completed, including through the level of the Idaho Supreme Court, Petitioner must file a motion to re-open this case or a notice of dismissal within **30 days** after the Idaho Supreme Court remittitur is issued.

INITIAL REVIEW ORDER - 5

6. The Clerk of Court shall change Respondent's attorney from L. LaMont Anderson (who recently retired) to Mark Olson, and serve this Order on Mr. Olson at his registered ECF address.

DATED: July 28, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 6